Soule vs. Norwood.

## No. 6983.

### B. & A. SOULÉ VS. NORWOOD, ADMINISTRATOR, ET AL.

Sureties who have formally admitted that their principal is dead, and that his succession is insolvent, can not afterward set up a demand for a discussion.

The prescription, (of two years) of suits against a sheriff and his sureties for money collected by the sheriff and not accounted for, does not begin to run until the first demand for the money has been made on him by the plaintiff, and the sheriff thus put in default for non-payment.

APPEAL from the Fifth Judicial District Court, parish of East Feliciana. *Wedge*, special judge.

*W. F. Kernan* for plaintiffs and appellants.

*D. C. Hardee* for defendants.

The opinion of the court was delivered by

EGAN, J. This suit is against the sureties of A. S. Norwood, late sheriff of the parish of East Feliciana, to hold them liable for moneys collected by him as such and not paid over to the judgment creditor. The defendants answered and pleaded the prescription of two years under article 3546 of the Revised Statutes of 1870 and the benefit of discussion. We will dispose of the latter first by simply saying that the defendants admitted of record that Norwood is dead and his succession is hopelessly insolvent, and that proper demand has been made on his administrator and no payment made.

It is unnecessary for us to decide whether or not the prescription pleaded applies to moneys collected by sheriffs and not accounted for. Although the judgment on opposition whereby the plaintiff was decreed entitled to the funds in the hands of the sheriff was rendered on the twenty-first of February, 1868, he was not in default for not paying them over until " the first demand made" by the plaintiff for their payment. C. P. 766. This was on the fifth of July, 1868. This suit was filed May 23, 1870, with service already accepted by the administrator of Norwood and Perkins, one of the sureties, while service was regularly made by the sheriff upon Robins and Jackson, the other sureties, on the second of June, 1870, all less than two years from the default of the sheriff. From that date only prescription began to run. See Fuqua, Administrator, vs. Young & Knighter, 14 An. 216. See, also, 3 R. 297; 23 An. 299. No action lay against the sheriff until he was put in *mora* for non-payment of the moneys collected by him. Hence the general and perfectly correct principle announced by Justice Spofford as the organ of the court in Hardee vs. Dunn, 13 An. 361, that "prescription commences to run from the moment the right of action accrues," is without application here. The obligations of the defendants are solidary. The judgment below was in their favor and against the plaintiff in the plea of prescription. It was erroneous, and is therefore avoided and reversed. And

Soule vs. Norwood.

It is now ordered, adjudged, and decreed that the plaintiff do have and recover from L. G. Perkins, Thomas W. Robins, and Jared R. Jackson, sureties upon the official bond of A. S. Norwood, sheriff, *in solido*, the sum of eight hundred and eighty-six dollars and ninety cents, with five per cent per annum interest thereon from July 5, 1868, and that said defendants pay costs of both courts.